| | | |
|---|---|---|
| TREVER D. FENIMORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:25-CV-00157-DCLC-CRW |
| | ) | |
| SCSO et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter is before the Court on United States Magistrate Judge Cynthia R. Wyrick's Report and Recommendation [Doc. 37] and Plaintiff Trever D. Fenimore's Objections [Doc. 38]. Mr. Fenimore, who is a pro-se plaintiff and an alleged former inmate at the Sevier County Jail, brings claims under 42 U.S.C. § 1983 against governmental entities, law-enforcement officers, and private parties, alleging that they violated his constitutional rights. [Second Am. Compl., Doc. 12, at 1]. In addition, he alleges claims under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") and Tennessee law. [*Id.*]. Magistrate Judge Wyrick has screened his Second Amended Complaint [Doc. 12] under 28 U.S.C. § 1915(e)(2)(B), and she recommends the Court dismiss many of his claims but allow him to proceed with others. [R. & R. at 26–28].

Mr. Fenimore now objects to her recommendation of dismissal, and the Court performs a de novo of that recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ P. 72(b)(3); *see Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (stating that "the dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim under [§§ 1915(e)(2)(B)(ii) and 1915A]"). Mr. Fenimore does not object to Magistrate Judge Wyrick's summary of the

allegations and claims that he raises in his second amended complaint,[1] so the Court adopts that portion of the report and recommendation as if fully set forth herein.

First, Mr. Fenimore objects to Magistrate Judge Wyrick's report and recommendation by asserting that she "errs in concluding that Plaintiff failed to allege excessive force with sufficient specificity." [Pl.'s Objs. at 2]. Magistrate Judge Wyrick, though, did not recommend dismissal of Mr. Fenimore's excessive-force claim. Rather, she concluded that he "has set forth a colorable claim for use of excessive force by Officer Watts and an unnamed officer," and "[a]s such," she recommends he "be permitted to proceed with his claims against these defendants." [R. & R. at 16]. His first objection is therefore **OVERRULED AS MOOT**.

Second, Mr. Fenimore objects to Judge Wyrick's recommendation of dismissal of his Fourth Amendment claim, in which he alleges that Trooper G. Thomas performed an unlawful search of his vehicle on July 4, 2022. [Second Am. Compl. at 3]. Magistrate Judge Wyrick recommends the Court dismiss this claim because it is untimely under the applicable one-year statute of limitations. [R. & R. at 6–11]. In objecting to her recommendation that his claim warrants dismissal as untimely, he contends—without elaboration—that Magistrate Judge Wyrick "improperly minimizes the constitutional injury caused by prolonged retention of [his] phone, laptop, and legal materials." [Pl.'s Objs. at 2]. Magistrate Judge Wyrick did no such thing. She reviewed Mr. Fenimore's claim for timeliness under the correct statute of limitations and properly determined it is untimely.

And although Mr. Fenimore, in another volley against Magistrate Judge Wyrick's recommendation of dismissal of his Fourth Amendment claim, argues that he "alleges ongoing

---

[1] Although Magistrate Judge Wyrick, in her report and recommendation, refers at times to Mr. Fenimore's prior pleadings, Mr. Fenimore's second amended complaint supersedes his prior pleadings and governs this Court's analysis in this Order. *See In re Refrigerant Compressors Antitrust Litig.*, 731 F.3d 586, 589 (6th Cir. 2013) ("An amended complaint supersedes an earlier complaint for all purposes." (citation omitted)).

deprivation since July 2025" and that this alleged ongoing deprivation saves his claim from dismissal under the statute of limitations, the Court finds no merit in this argument. [*Id.* at 2; *see* Second Am. Compl. at 1 (alleging that "[t]his action arises from a continuing pattern of unconstitutional conduct by Sevier County officials, law enforcement officers, jail personnel, court officials, and contracted medical providers")]. A continuing-violation theory operates as a "narrowly limited exception[]" to the triggering of a statute of limitations, *LRL Props. v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1106 (6th Cir. 1995) (quotation omitted), and "[u]nrelated incidents of discrimination will not suffice," *id.* (quotation omitted).

No matter how liberally the Court construes Mr. Fenimore's allegations, it is unable to identify a plausible continuing violation in his second amended complaint. It can identify only a series of discrete, separate acts—the alleged illegal search of his vehicle in 2022, the alleged use of excessive force against him in 2025, the alleged infringement of his constitutional right to a pork-free diet, etc. [Second Am. Compl. at 3–4]. Magistrate Wyrick therefore rightly recommended dismissal of Mr. Fenimore's Fourth Amendment claim—which, again, occurred well over a year ago in 2022, according to the allegations—as untimely, and Mr. Fenimore's second objection is therefore **OVERRULED**.[2]

Third, Mr. Fenimore faults Magistrate Judge Wyrick for recommending dismissal of his "retaliatory arrest" claim. [Pl.'s Objs. at 3]. But he alleges no such claim in his second amended complaint. Because he has neither alleged it nor identified a compelling reason for this Court to address it in the first instance, he has waived it. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("[W]hile the Magistrate Judge Act . . . permits *de novo* review by the

---

[2] Although Mr. Fenimore alleges that he is entitled to equitable tolling of the statute of limitations, [Second Am. Compl. at 4], Magistrate Judge Wyrick, after a thorough analysis, concluded that "he has failed to show [he] is [entitled] to equitable tolling," [R. & R. at 26]. Mr. Fenimore does not specifically object to her conclusion that he is not entitled to equitable tolling.

district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." (citations omitted)); *see also The Glidden Co. v. Kinsella*, 386 F. App'x 535, 544 (6th Cir. 2010) (declining to review an issue that the district judge had not considered because the defendant had failed to present it to the magistrate judge). Even if he has not waived it, his lone argument is that Magistrate Judge Wyrick "improperly resolve[d] motive and credibility issues that must be addressed through discovery," [Pl.'s Objs. at 3], but she did no such thing anywhere in her report and recommendation. She applied the appropriate legal standard under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007), and she addressed only whether Mr. Fenimore pleaded sufficient facts to support each of his claims and whether those claims are timely under the statute of limitations. Mr. Fenimore's third objection is therefore **OVERRULED**.

Fourth, Mr. Fenimore claims that Magistrate Judge Wyrick wrongly recommended dismissal of his "jail conditions, medical care, and failure to protect" claims. [Pl.'s Objs. at 3]. He is mistaken as to his claim for inadequate medical care because Magistrate Judge Wyrick did not recommend dismissal of this claim; instead, she recommends this clam "be permitted to proceed." [R. & R. at 27]. As to his claims for "jail conditions" and "failure to protect," he objects to Magistrate Judge Wyrick's recommendation of dismissal only on the basis that these claims are "fact-intensive" and "require discovery." [Pl.'s Objs. at 3]. Although courts are forbidden from resolving factual questions at the pleading stage, *see, e.g.*, *Ecclesiastical Order of the ISM of AM, Inc. v. IRS*, 725 F.2d 398, 403 (6th Cir. 1984) (Jones, J., concurring in part and dissenting in part); *Mike Vaughn Custom Sports, Inc. v. Piku*, 15 F. Supp. 3d 735, 753 (E.D. Mich. 2014), Magistrate Judge Wyrick did not resolve any factual questions in her report and

recommendation. Again, she applied the proper legal standard and addressed only whether Mr. Fenimore pleaded sufficient facts to support his claims and whether his claims are timely. Mr. Fenimore's fourth objection is therefore **OVERRULED**.

Fifth, Mr. Fenimore objects to Magistrate Judge Wyrick's purported disposition of what he describes as his "excessive bail and no-bail" claim. [Pls.' Objs. at 3]. But once again, Mr. Fenimore has alleged no such claim in his second amended complaint. Because he has neither alleged it nor identified a compelling reason for this Court to consider it in the first instance, he has waived it. *The Glidden Co.*, 386 F. App'x at 544; *Murr*, 200 F.3d 895, 902 n.1. His fifth objection is therefore **OVERRULED**.

Lastly, the Court must address Mr. Fenimore's request for leave to amend his second amended complaint—a request that he raises contemporaneously with his objections, [Pls.' Objs. at 3], and by separate motion, [Pl.'s Mot. for Leave to Amend, Doc. 39]. In requesting leave to amend his second amended complaint, Mr. Fenimore states that his Proposed Third Amended Complaint [Doc. 39-1] "directly addresses the R&R's concerns, clarifies factual ambiguities, identifies defendant conduct, and aligns claims with governing constitutional standards." [Pl.'s Objs. at 3]. Federal Rule of Civil Procedure 15(a)(2) states that "[t]he court should freely give leave when justice so requires," and courts, before sua sponte dismissing a pro-se litigant's complaint, should first permit the pro-se litigant to file a curative amended complaint, at least when his claims are "serious" in nature and "non-frivolous." *Brown v. Matauszak*, 415 F. App'x 608, 615–16 (6th Cir. 2011).

The Court has already once sua sponte granted Mr. Fenimore leave to amend his original complaint. Indeed, when Magistrate Judge Wyrick performed her screening of that complaint, she recommended dismissal of this case in its entirety and stated that the "deficiencies" in the

complaint were "not subject to being addressed via an amended complaint with further factual development." [R. & R., Doc. 5, at 7]. In response, Mr. Fenimore did not object to her report and recommendation; instead, he filed a first amended complaint, in which he tried to cure the deficiencies that Magistrate Judge Wyrick had identified in his original complaint. [First Am. Compl., Doc. 6]. In the interest of justice and in deference to Mr. Fenimore's pro-se status, this Court rejected Magistrate Judge Wyrick's first report and recommendation and referred the first amended complaint to her for screening. [Order, Doc. 9, at 1]. She screened that complaint and found it to be deficient, but this time, she sua sponte granted him leave to file a curative second amended complaint—which is the iteration of the complaint currently before this Court. [Order, Doc. 11, at 20].

To date, Mr. Fenimore has used Magistrate Judge Wyrick's report and recommendations as sounding boards to attempt to ameliorate the deficiencies in his pleadings, and having now twice granted him leave to amend his complaint, the Court, in its discretion, declines to grant him leave to amend his complaint any further. *See Modesty v. Shockley*, 434 F. App'x 469, 472 (6th Cir. 2011) ("Plaintiff had been given two opportunities to amend his complaint. Repeated failure to cure deficiencies by amendments previously allowed is grounds for denying a motion to amend a complaint. Because the district court had already allowed for two amendments, it was not an abuse of discretion to deny leave to amend a third time."); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (recognizing that "repeated failure to cure deficiencies by amendments previously allowed" may be grounds for the denial of a motion to amend); *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1072 (9th Cir. 2008) (stating that "the district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint" (quotation omitted)); *Lake v. Arnold*, 232 F.3d 360, 373–74 (3d Cir. 2000)

(observing that "a District Court has substantial leeway in deciding whether to grant leave to amend" and describing that leeway as "even broader" when "the court has already granted the requesting party an opportunity to amend" (citation omitted)); *Needham v. Butler Cnty. Jail*, No. 1:19-cv-294, 2019 WL 5899326, at *5 (S.D. Ohio Nov. 12, 2019) ("A Court need not permit a pro se plaintiff to endlessly move to amend his complaint in hopes of eventually stating some type of claim against someone.").

For all these reasons, Mr. Fenimore's objections [Doc. 38] are **OVERRULED**, and Magistrate Judge Wyrick's report and recommendation [Doc. 37] is **ACCEPTED** under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). For the reasons in the report and recommendation, which the Court adopts and incorporates into this Order, and for the reasons that the Court has stated in this Order under a de novo review, Mr. Fenimore's claims against Defendants Helen Ross McNabb Center, Peninsula Hospital, Trooper G. Thomas, the Sevier County Sheriff's Office, and the Sevierville Police Department are **DISMISSED WITH PREJUDICE**. His claim against Defendant Sevier County for a violation of RLUIPA is **DISMISSED AS MOOT**. And all of his remaining claims are **DISMISSED WITHOUT PREJUDICE**[3] *except* for his Fourth Amendment claim for excessive force and his Eighth Amendment claim for inadequate medical care, both of which will proceed. His Motion Requesting Acceptance of Proposed Third Amended Complaint Following De Novo Review [Doc. 39] is **DENIED**, and his second amended complaint will serve as the operative pleading

---

[3] Magistrate Judge Wyrick recommends dismissal with prejudice of Mr. Fenimore's claims against Defendants Judge Rader and Karen Atchley because they are immune from suit. [R. & R. at 11–12, 27]. But "[d]ismissals of actions that do not reach the merits of a claim, such as dismissals for lack of jurisdiction, ordinarily are without prejudice," *Mitan v. Int'l Fid. Ins. Co.,* 23 Fed. App'x 292, 298 (6th Cir. 2001) (citing Fed. R. Civ. P. 41(b); *Costello v. United States,* 365 U.S. 265, 285 (1961)), and "[r]egardless of whether the jurisdictional ground for dismissal is ripeness or [a form of] immunity, the result as to prejudice is identical: dismissal will be without prejudice," *Cincinnati Sch. Dist. v. Bd. of Educ. of Ohio*, No. 04–4258, 2005 WL 6781829, at *4 (6th Cir. Oct. 17, 2005).

in this action. His Motion for Hearing and Oral Argument [Doc. 46] is **DENIED**, and his Motion for Ruling on Pending Motions [Doc. 47], Motion for Status Conference [Doc. 48], and Motion to Expedite Consideration [Doc. 49] are **DENIED AS MOOT**.

The Clerk of Court is **DIRECTED** to mail to Mr. Fenimore service packets (blank summonses and USM 285 forms) for Defendant Officer Watts, Defendant QCHC, Defendant TK Health, Defendant Patrick McCormick, Defendant Sue Peterson, and Defendant Girnetta Jones. Mr. Fenimore is **ORDERED** to complete the service packets and return them to the Clerk's Office by **Friday, July 31, 2026**. Upon receipt of the completed service packets, the Clerk's Office will sign and seal the summonses and forward them to the Marshal's Service, and the Marshal's Service will effect service on Mr. Fenimore's behalf. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

Ms. Fenimore is **NOTIFIED** that his failure to return completed service packets to the Clerk's Office by **Friday, July 31, 2026**, will result in dismissal of this action without further notice. *See Gardner v. United States*, No. 97-5469, 1999 WL 232693, at *2 (6th Cir. Apr. 15, 1999) ("[A] court may properly dismiss a pro se litigant's case for failure to comply with the court's order where the court puts the pro se party on notice that failure to comply will result in dismissal." (citing *Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1997))).

**SO ORDERED:**

s/Clifton L. Corker
United States District Judge

8